UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARY ANNE ACERRA,                          :

                    Plaintiff,          :

      -against-                            :

TERMINIX INTERNATIONAL, INC. and           :
SERVICE MASTER GLOBAL HOLDINGS, INC. :

              Defendants.          :

-------------------------------------------------------------X

CV: 18 - 6371

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, MARY ANNE ACERRA, by her attorneys SCOTT MICHAEL MISHKIN,

P.C., complaining of the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

      This case is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§

621 *et seq.*, ("ADEA") and the New York State Human Rights Law, New York Executive Law

§§ 290 *et seq.* ("NYEL") for Terminix International, Inc. ("Terminix") and Service Master

Global Holdings, Inc.'s ("Service Master") (collectively "defendants") discrimination and

unlawful termination of plaintiff on the basis of her age.

## JURISDICTION

      FIRST:      The jurisdiction of the Court over this controversy is based upon 28

U.S.C. § 1331 as this matter is raised under 29 U.S.C. §§ 621 *et seq.*

      SECOND:     The Court also has supplemental jurisdiction over this case pursuant to

28 U.S.C. § 1367 (a), as plaintiff's NYEL claims form part of the same case and controversy.

## VENUE

THIRD:          The unlawful practices alleged below were committed within the State of New York, County of Nassau.

FOURTH:          At the time of the unlawful practices, plaintiff was a resident of Suffolk County in the Eastern District of the United States District Court of New York.

FIFTH:          The locations at which the causes of action herein arose are in the County of Nassau in the Eastern District of the United States District Court of New York.

SIXTH:          At the time of the unlawful practices, plaintiff was employed at defendants' office located at 45 South Service Rd., Plainview, NY 11803.

SEVENTH:          This Court is hereby the proper venue under 28 U.S.C. § 1391 (b).

## PARTIES

EIGHTH:          Plaintiff is an "employee" of the defendants as defined by the ADEA and NYEL.

NINTH:          At all times relevant to this action, Service Master was and is the parent company of Terminix and has an office located at 860 Ridge Lake Blvd, Memphis, TN 38120.

TENTH:          At all times relevant to this action, defendants Terminix and Service Master were the plaintiff's "employer" as defined by the ADEA and NYEL in that they controlled all aspects of plaintiff's employment, including her rate of pay, schedule, and position responsibilities.

ELEVENTH:  At all times relevant to this action, plaintiff was a member of a protected class in that she was over the age of forty (40) at the time the causes of action alleged herein arose.

TWELFTH:   Plaintiff's date of birth is April 10, 1952 and she is currently sixty-six

(66) years old.

THIRTEENTH: During all times relevant to this action, plaintiff satisfactorily and continually performed the duties and job responsibilities as an employee of defendants until her discriminatory and unlawful termination on or about May 17, 2017.

**FACTS**

FOURTEENTH: Terminix provides residential and commercial extermination services throughout the United States and internationally.

FIFTEENTH: Plaintiff began her career at Terminix in approximately 1994 as a Pest Control Administrative Assistant.

SIXTEENTH: Plaintiff was promoted to Service Manager in or about 2005 and held that position without issue for approximately eleven (11) years.

SEVENTEENTH: As a Service Manager, plaintiff's responsibilities included, but were not limited to, calculating monthly route completions, cancellations, payroll, scheduling vacations, safety training, weekly meetings, sales, customer service, vehicle inspections and general supervision of employees within her department.

EIGHTEENTH: During her time as a Service Manager, plaintiff reported to James Langford, Branch Manager, as her direct supervisor.

NINETEENTH: At all times relevant to this action, as Branch Manager, Langford had the power to hire and fire and carry out personnel decisions at Terminix.

TWENTIETH: In or about August 2016, defendants promoted Richard Todesco to Service Manager of the Termite Department.

TWENTY-FIRST: Richard Todesco was substantially younger than plaintiff by approximately fifteen (15) years.

3

TWENTY-SECOND:        Richard Todesco did not have any managerial experience at the time of his promotion.

TWENTY-THIRD:  Shortly after Richard began as Service Manager, he and Langford began excluding plaintiff from meetings and other job-related events, many of which were essential for plaintiff to perform the functions of her job as the Service Manager of her department.

TWENTY-FOURTH:        On or about January 28, 2017, Langford advised plaintiff that Richard was replacing her as Pest Control Service Manager, effective February 1, 2017.

TWENTY-FIFTH:  Richard had substantially less managerial experience and seniority than plaintiff at the time that he replaced her.

TWENTY-SIXTH:  Further, plaintiff had held the Service Manager position for approximately eleven (11) years without issue and had always received positive reviews/evaluations and praise from her co-workers.

TWENTY-SEVENTH:        Plaintiff was replaced by Richard and was transferred to the Termite Department, which was understaffed and had experienced a substantial down turn in business the year prior.

TWENTY-EIGHTH:        It was clear to plaintiff that defendants were setting her up for termination by removing her from a position that she held for more than ten (10) years, giving it to a substantially younger employee, and transferring her to a department that was already experiencing performance/business issues.

TWENTY-NINTH:  Despite the issues in plaintiff's new department, plaintiff received performance commendations for her "hard work," "dedication," and "loyalty" in early March 2017.

4

THIRTIETH:  Nonetheless, just a few weeks later, defendants placed plaintiff on a Performance Improvement Plan ("PIP") for alleged poor performance.

THIRTY-FIRST:    Plaintiff had never experienced performance issues prior to Rich Todesco being promoted to Service Manager and had never been placed on a PIP at any other time throughout her twenty-three (23) year career at Terminix.

THIRTY-SECOND: As part of the PIP, plaintiff was directed to meet with Langford every Wednesday morning to discuss how to improve her performance.

THIRTY-THIRD:    However, as further evidence of discrimination, Langford met with plaintiff only once and denied her repeated attempts to meet again to discuss the PIP.

THIRTY-FOURTH: Rather, less than two (2) months later, on May 17, 2017, defendants terminated plaintiff for alleged poor performance.

THIRTY-FIFTH:    The alleged performance issues amounted to pretext, as Langford failed to meet with plaintiff to discuss the PIP as was required, plaintiff had just received performance commendations less than two (2) months prior, and plaintiff was transferred to a failing department without being given a reasonable opportunity to fix it.

THIRTY-SIXTH:    Similarly, defendants failed to adhere to their own "Progressive Discipline" policy when they terminated plaintiff without any warning and without giving plaintiff an opportunity to correct the alleged poor performance.

THIRTY-SEVENTH:    Following her termination, another manager at Terminix offered plaintiff a position in a different branch, which she accepted, but defendants refused to hire her and she was denied the position.

THIRTY-EIGHTH: As a result of the unlawful termination, plaintiff has suffered both financial and emotional harm and continues to do so to date.

THIRTY-NINTH:   Prior to filing this civil action, plaintiff timely filed a written charge asserting discrimination based on age within three hundred (300) days of the discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as "EEOC").

FORTIETH:   Plaintiff has filed this action prior to the expiration of ninety (90) days after receiving her Notice of Right to Sue from the EEOC.

## AS AND FOR PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION AGAINST DEFENDANTS UNDER THE ADEA AND THE NYEL

FORTY-FIRST:   Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs FIRST through FORTIETH.

FORTY-SECOND:  During all times relevant to this action, Plaintiff was a member of a protected class as she was over the age of forty (40).

FORTY-THIRD:   Plaintiff was qualified to perform the essential functions of her job in that she was employed at Terminix for nearly twenty-three (23) years without issue and regularly received positive evaluations/reviews and commendations for the work that she performed.

FORTY-FOURTH:  As described herein, defendants willfully discriminated against Plaintiff based upon her age in direct violation of the ADEA and the NYEL § 290 *et seq.*

FORTY-FIFTH:   Defendant's actions give rise to an inference of discrimination based upon plaintiff's age as she was removed from her position as a Service Manager and replaced with a substantially younger and less experienced employee, transferred to a failing department, placed on a PIP for the first time in her career, and was terminated from her employment after only two (2) months in the new department.

FORTY-SIXTH:   As evidence of pretext, defendant Terminix failed to follow

it's own progressive discipline policy when terminating plaintiff, failed to follow through with the terms of the PIP, and denied plaintiff the opportunity to work in another department when offered to her by another manager.

FORTY-SEVENTH:        As a result of the unlawful termination of plaintiff's employment, plaintiff has suffered both financial and emotional harm as described herein.

**Wherefore,** Plaintiff demands judgment against defendants as follows:

1.   For a money judgment against Terminix representing actual damages for its discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq.*;

2.   For a money judgment against Terminix representing compensatory damages for its discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq;*

3.   For a money judgment against Terminix representing emotional damages for its discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq;*

4.   For a money judgment against Terminix representing punitive damages for its discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq;*

5.   For a money judgment against Terminix representing actual damages for its discriminatory conduct in violation of NYEL §290 *et seq.*;

6.   For a money judgment against Terminix representing compensatory damages for its discriminatory conduct in violation of NYEL §290 *et seq.*;

7.   For a money judgment against Terminix representing emotional damages for its discriminatory conduct in violation of NYEL §290 *et seq.*;

8.   For a money judgment against Service Master representing actual damages for its discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq.*;

9.   For a money judgment against Service Master representing compensatory damages for its

discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq;*

10. For a money judgment against Service Master representing emotional damages for its discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq;*

11. For a money judgment against Service Master representing punitive damages for its discriminatory conduct in violation of the ADEA, 29 U.S.C. §§ 621 *et seq;*

12. For a money judgment against Service Master representing actual damages for its discriminatory conduct in violation of NYEL §290 *et seq.*;

13. For a money judgment against Service Master representing compensatory damages for its discriminatory conduct in violation of NYEL §290 *et seq.*;

14. For a money judgment against Service Master representing emotional damages for its discriminatory conduct in violation of NYEL §290 *et seq.*;

15. For reasonable attorney's fees and costs;

16. For equitable relief;

17. For such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues in this action.

Dated: Islandia, New York
      November 8, 2018

**SCOTT MICHAEL MISHKIN, P.C.**

/s/     Scott Michael Mishkin
By:    Scott Michael Mishkin, Esq.
       One Suffolk Square, Suite 240
       Islandia, New York 11749
       Telephone: (631) 234-1154
       Facsimile: (631) 234-5048
       *Attorneys for Plaintiff*